JUN 7 2023 PM2:00
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-22-1

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:23CR 97 (JAM) (SDV) |
| v. | |
| WILLIAM DINAN, a.k.a. "James Dean," "Marty McFly," "Chris Apex," and "Chris Dinan" | VIOLATIONS:<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i), and 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances)<br><br>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i) (Possession with Intent to Distribute Controlled Substances)<br><br>18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Possession with Intent to Distribute Controlled Substances)

1. On or about November 5, 2019, in the District of Connecticut, the defendant WILLIAM DINAN, a.k.a. "James Dean," "Marty McFly," "Chris Apex," and "Chris Dinan," did knowingly and intentionally possess with intent to distribute mixtures and substances containing detectable amounts of Dehydrochloromethyltestosterone, Stanozolo, Oxymetholone, Oxandrolone, Methasterone, Methandienone, and Mesterolone, all of which are anabolic steroids, as defined in Title 21, United States Code, Section 802(41)(A), and Schedule III controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i).

COUNT TWO
(Possession with Intent to Distribute and Attempted Distribution of Controlled Substances)

2. On or about April 25, 2023, in the District of Connecticut, the defendant WILLIAM DINAN, a.k.a. "James Dean," "Marty McFly," "Chris Apex," and "Chris Dinan," did knowingly and intentionally possess with intent to distribute and did attempt to distribute mixtures and substances containing detectable amounts of Testosterone Enanthate and Testosterone Propionate, both of which are anabolic steroids, as defined in Title 21, United States Code, Section 802(41)(A), and Schedule III controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(E)(i), and 846.

COUNT THREE
(Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances)

3. From in or about December 2022 through on or about June 7, 2023, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant WILLIAM DINAN, a.k.a. "James Dean," "Marty McFly," "Chris Apex," and "Chris Dinan," and Craig Williams, who is not charged in this Indictment, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another to distribute, and to possess with intent to distribute, controlled substances, namely mixtures and substances containing a detectable amount of anabolic steroids, as defined in Title 21, United States Code, Section 802(41)(A), which are Schedule III controlled substances, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(E)(i).

All in violation of Title 21, United States Code, Section 846.

COUNT FOUR
(Conspiracy to Commit Money Laundering)

4. From in or about December 2022 through on or about June 7, 2023, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant

WILLIAM DINAN, a.k.a. "James Dean," "Marty McFly," "Chris Apex," and "Chris Dinan," and Craig Williams, who is not charged in this Indictment, did knowingly combine, conspire, and agree with one another and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of anabolic steroids, with the intent to promote the carrying on of the specified unlawful activity, that is, the unlawful distribution of anabolic steroids, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of anabolic steroids, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

5.  The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

6.  To facilitate and promote the operation of the anabolic steroids distribution business, DINAN and Williams conspired to use and did use proceeds from the sale of anabolic steroids to pay for professional labels to adhere to packages used for shipment of the anabolic steroids.

7.  To facilitate and promote the operation of the anabolic steroids distribution business, DINAN rented a United States Post Office box in Milford, Connecticut using his American Express account ending in 6005 to conceal, or attempt to conceal, the anabolic steroids distribution business.

8.  To facilitate and promote the operation of the anabolic steroids business, DINAN and Williams conspired to use and did use proceeds from the sale of anabolic steroids to pay for shipping and postage costs for the purpose of distributing anabolic steroids.

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION
(Controlled Substances Offenses)

9.  Upon conviction of one or more of the controlled substances offenses alleged in Counts One, Two, and Three of this Indictment, the defendant WILLIAM DINAN, a.k.a. "James Dean," "Marty McFly," "Chris Apex," and "Chris Dinan," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, those violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including but not limited to: (1) Key Bank account number 778607927143 in the name of William C. Dinan; (2) Key Bank account number 777471002413 in the name of APEX Health and Wellness LLC;

(3) a 2022 Range Rover Sport SVR, bearing vehicle identification number SALWZ2RENA241782 and Connecticut Registration RGRDAT; (4) a 2023 Range Rover SE, bearing vehicle identification number SALKPBE73PA023243 and Connecticut Registration NOPOG; (5) a Toyota Tundra Crewmax, bearing vehicle identification number 5TFAY5F17LX878112 and Connecticut Registration 1ID12B; (6) a 2023 Ducati Panigale V4 SP2 motorcycle, bearing vehicle identification number ZDMDAGWW5PB002817 and Connecticut Registration 00XTPH; and (7) a Harley-Davidson motorcycle, bearing vehicle identification 1HD1KTP19NB625019 and Connecticut Registration 00WFRV.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

### FORFEITURE ALLEGATION
(Money Laundering Offense)

11. Upon conviction of the money laundering offense alleged in Count Four of this Indictment, the defendant WILLIAM DINAN, a.k.a. "James Dean," "Marty McFly," "Chris Apex," and "Chris Dinan," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in any and all money and other property involved in the offense, in violation of Title 18, United States Code, Section 1956, and all property

5

traceable to such property, including but not limited to: (1) Key Bank account number 778607927143 in the name of William C. Dinan; (2) Key Bank account number 777471002413 in the name of APEX Health and Wellness LLC; (3) a 2022 Range Rover Sport SVR, bearing vehicle identification number SALWZ2RENA241782 and Connecticut Registration RGRDAT; (4) a 2023 Range Rover SE, bearing vehicle identification number SALKPBE73PA023243 and Connecticut Registration NOPOG; (5) a Toyota Tundra Crewmax, bearing vehicle identification number 5TFAY5F17LX878112 and Connecticut Registration 1ID12B; (6) a 2023 Ducati Panigale V4 SP2 motorcycle, bearing vehicle identification number ZDMDAGWW5PB002817 and Connecticut Registration 00XTPH; and (7) a Harley-Davidson motorcycle, bearing vehicle identification 1HD1KTP19NB625019 and Connecticut Registration 00WFRV.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property.

All in accordance with Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853; and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

*Vanessa Roberts Avery*
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*Natasha M. Freismuth*
NATASHA M. FREISMUTH
ASSISTANT UNITED STATES ATTORNEY