UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.   CRIMINAL NO. 3:23-CR-97(JAM)

WILLIAM DINAN   June 12, 2023

### DEFENDANT'S MOTION FOR BOND

Counsel for the defendant in the above-captioned matter respectfully moves for release pursuant to conditions pursuant to 18 U.S.C §3144 *et seq*. The proposed conditions rebut the presumption of detention applicable to controlled substance case and the government cannot prove the Mr. Dinan is a flight risk by a preponderance nor that he is a danger to the community by clear and convincing evidence. Accordingly, release is warranted pursuant to the Bail Reform Act.

**I.      PROPOSED CONDITIONS.**

The defense proposes that Mr. Dinan be released pursuant to the following conditions, including but not limited to a third party custodian back by significant economic security:

1. Reside at the home of Jeff and Kimberlee McCoy in Milford, CT; the McCoys will also serve as third-party custodians. The McCoy's the grandparents of two of Mr. Dinan's children. While he is no longer involved with their daughter, they admire his commitment to co-parenting with their daughter, what he has overcome, and his commitment to being a father. Ms. McCoy has been employed as a nurse for many years and Mr. McCoy runs and auto-shop. There are no firearms nor dangerous animals in the home; neither has a criminal record. They has a spare bedroom Mr. Dinan can live in, and he lived with them several years ago when he was involve with their daughter so

they are comfortable the arrangement will work. Their address and contact information has been furnished to the probation officer.

2. The McCoys are also willing to sign a surety bond for an appropriate value in support of these conditions.

3. Yasmeen Khan will serve as a surety and sign a bond of an appropriate value.

4. Appropriate limitations on travel. Mr. Dinan will be subject to home incarceration or home confinement as the Court sees fit. He hopes to pursue legitimate work and seeks the freedom to do that. Absent that, he does not object to a curfew or home detention.

5. Continued mental health treatment at through his Veteran's Administration clinician. Mr. Dinan is willing to execute a release so probation can ensure he is compliant.

6. Limitations on economic activity. Mr. Dinan will not engage in any transactions that exceed $500 without the approval of the probation department. To the extent he may wish to continue legitimate entrepreneurial activity, he will work with his attorneys, accountants, and regulators to ensure that he is not engaged in any transactions that move or hide assets.

7. Location monitoring as directed by the Court and probation.

8. Any other conditions the court sees fit.

**II.    ARGUMENT AND ADDITIONAL FACTS.**

Once the defendant has produced 'some credible evidence forming a basis for his contention" that he is neither a flight risk nor a danger to the community, the government must persuade the Court the defendant is a flight risk or a danger even in presumption cases. *See United States v. Carbone*, 793 F.2d 559, 560 (3d Cir., 1986); *see also United States v. Jones*, 566 F.Supp.2d 288, 290 (S.D.N.Y., 2008)("If the defendant does produce such evidence, 'th

2

presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court'"). Notably, the Second Circuit has stated that "it [is] correct to place the burden of persuasion on the government" and that it "would be proper even were the rebuttable presumption to apply." *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir., 1985). Here, Mr. Dinan has proposed strong third- party custodians backed by the power of GPS monitoring. There is no reason to believe that he would, or could, flee, given these circumstances nor that he presents a danger to the community. The government, who has produced little to no evidence thus far, cannot prove otherwise by the appropriate standard.

    **A. The McCoys And Ms. Khan are serious custodians and sureties that provide the Court meaningful assurances.**

This is more than just 'some credible evidence.' As noted, the McCoys are grandparents of two of Mr. Dinan's children and, even though he is no longer romantically involved with their daughter, they still believe he is worthy of this chance and admire the way he has comported himself with respect to their grandchildren. Mrs. McCoy is a nurse and Mr. McCoy owns an auto mechanic shop. They state that they are business owners, or hardworking employees, with something to lose and their primary motivation is for their grandchildren. While they like and respect Mr. Dinan, they state they are willing to enforce the rules the Court imposes. Mr. McCoy stated that Mr. Dinan has always called him "Mr. McCoy" and never by his first name.  These are not pushovers and they are completely independent from whatever Mr. Dinan is allegedly involved with.

Yasmeen Kahn is Mr. Dinan's fiancée. She is a solvent surety.[1] Ms. Khan is 45 years old and is a self-made woman with significant accomplishments independent of Mr. Dinan. She immigrated to this country from Pakistan in the mid-1980s and is a naturalized United States citizen. Her father worked for an oil and gas company but dabbled in real-estate investing—she followed in his footsteps. She began her career in a financial services firm where she learned accounting. She bought her first property in the very early 2000s and sold it in 2004. Over the years she has amassed multiple rental properties and uses the proceeds from rents paid to her to purchase additional properties. She now owns 11 properties. *Sealed Exhibit* A.

But she did not stop there. After leaving the accounting field, she got her bondspersons' license and went to work for a man name David Simon at Ace's Bail Bonds in 2010. In approximately 2013, she bought the company from him. She now operates this business in addition to her real estate business.

Ms. Khan has operated these two businesses for longer than she has known Mr. Dinan. She states that she has never received money from Mr. Dinan beyond, perhaps, gifts or food incidental a romantic relationship. Ms. Khan is a solvent surety who adds substantial credibility to Mr. Dinan's bond package.

---

[1] Defense counsel had initially suggested that Ms. Khan would post real estate in support of Mr. Dinan. While Ms. Khan remains willing to do so, counsel has spoken with other colleagues at the Federal Defenders Office and elected not to pursue this option at this time. Upon information and belief, doing so would require Ms. Khan to bring in outside counsel and the process could takes a significant period of time while Mr. Dinan remains incarcerated. The bond package proposed is a strong one and the most parsimonious option is the best one.

**B. The Government Cannot Prove Flight Risk Nor Danger To The Community.**

The government, who has presented almost no evidence thus far, cannot prove that Mr. Dinan is a flight risk by a preponderance of the evidence nor that he is a danger to the community by clear and convincing evidence.

Mr. Dinan is not a flight risk. As noted, he retained counsel in 2022 to represent him in this matter.[2] This clearly represents an intent to be present in Court. Second, Mr. Dinan returned from Europe in 2023 which indicates an intent to submit to arrest if it came. Moreover, Mr. Dinan would have to escape GPS monitoring and place the grandparents of two of his children in great financial jeopardy were her to flee. Flight is highly improbable.

Nor is Mr. Dinan a risk to the community. Notably, the government has placed great weight on Mr. Dinan's finances but almost none on his alleged drug dealing activity. Notably, money laundering alone is not a sufficient basis for the government to seek detention. *See United States v. Gunn*, 2019 U.S. Dist.LEXIS 210792, 10 (Or.D.C., 2019). Moreover, a defendant can be ordered as part of release to stop activities which pose economic danger. *United States v. Harris*, 920 F.Supp. 132 (D.Nev., 1996)(prohibiting defendant from participating in telemarketing industry where he was accused of telemarketing fraud). Additionally, while anabolic steroids are clearly illegal and pose a threat to health, it appears they are Schedule III drugs making them unlike heroin and other drugs. DOJ/DEA Drug Fact Sheet "*Steroids*," available at

---

[2] Attorney Billings has since informed counsel he will not be able to represent Mr. Dinan upon further review of the circumstances but has indicated he was retained last year.

https://www.dea.gov/sites/default/files/2020-06/Steroids-2020_0.pdf (also noting steroids pose no overdose risk).

The government cannot carry its burden in either regard.

### III. CONCLUSION.

Based upon the forgoing, release is warranted by law.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | THE DEFENDANT, <br> WILLIAM DINAN |
|  | OFFICE OF THE FEDERAL DEFENDER |
| Dated: May 17, 2023 | <u>/s/ Daniel M. Erwin</u> <br> Daniel M. Erwin <br> Assistant Federal Defender <br> 265 Church Street, Suite 702 <br> New Haven, CT 06510 <br> Phone: (203) 498-4200 <br> Bar No.: ct29355 <br> Email: James_Maguire@fd.org |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Daniel M. Erwin</u>
Daniel M. Erwin